DEBORAH A. SIVAS (CA Bar No. 135446)
MATTHEW J. SANDERS (CA Bar No. 222757)
Stephanie L. Safdi (CA Bar No. 310517)
Rica V. Garcia (CA Bar No. 320758)
ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 725.8571
Facsimile: (650) 723.4426
ssafdi@stanford.edu
rica.garcia@stanford.edu

Ashley E. Werner (CA Bar No. 282217)
Phoebe S. Seaton (CA Bar No. 238273)
LEADERSHIP COUNSEL FOR
JUSTICE AND ACCOUNTABILITY
2210 San Joaquin Street
Fresno, CA 93721
Telephone: (559) 369.2780
awerner@leadershipcounsel.org
pseaton@leadershipcounsel.org

Attorneys for Plaintiffs/Petitioners Friends of Calwa,
Inc. and Fresno Building Healthy Communities

(*Additional Counsel Listed on Next Page*)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### (Fresno Division)

| | |
|---|---|
| FRIENDS OF CALWA, INC. and FRESNO BUILDING HEALTHY COMMUNITIES,<br><br>    Plaintiffs and Petitioners,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, *et al.*<br><br>    Defendants and Respondents. | Case No. 1:23-CV-00353-JLT-EPG<br><br>**RESPONSE TO MINUTE ORDER REGARDING PLAINTIFFS' APPLICATION FOR EX PARTE RELIEF**<br><br>The Hon. Jennifer L. Thurston |

Valerie Feldman (CA Bar No. 210155)
Michael Rawson (CA Bar No. 94868)
PUBLIC INTEREST LAW PROJECT
449 15th Street, Suite 301
Oakland, California 94612
Telephone:  510-891-9794
vfeldman@pilpca.org

Attorneys for Plaintiffs/Petitioners Friends of Calwa, Inc. and Fresno Building Healthy Communities

Plaintiffs and Petitioners Fresno Building Healthy Communities and Friends of Calwa, Inc. (collectively, "Plaintiffs") hereby respond to the Court's October 11, 2023 Minute Order (Dkt. No. 45) requesting that the parties show cause why the Court should not enter an order authorizing Plaintiffs to file an amended complaint to remove their state law claims.

Plaintiffs respectfully submit that entry of an order granting in part Defendant California Department of Transportation's ("Caltrans") motion to dismiss the state law claims without prejudice, as proposed in Plaintiffs' October 2, 2023 Ex Parte Application, would promote judicial economy and expeditious resolution of the merits of the remaining claims by effecting dismissal of Plaintiffs' state law claims from this action while leaving in place responsive pleadings, and their related briefing, on Plaintiffs' still pending federal law claims under the National Environmental Policy Act and Clean Air Act and allowing the parties to proceed without delay to litigate Plaintiffs' state law claims in state court.[1]  In contrast, filing of a second amended complaint would appear to moot Caltrans' pending Motion to Dismiss (Dkt. No. 30) and Federal Defendants' Answer (Dkt. No. 29), necessitating new responsive pleadings and delaying hearing of Plaintiffs' claims.  Caltrans does not appear to object to entry of an order granting in part its own motion to dismiss the state law claims without prejudice, nor can Plaintiffs discern any reason why it would.[2]

---

[1] Upon filing Plaintiffs' Ex Parte Application, Plaintiffs promptly notified Caltrans of their intent to file and proceeded to file their state law claims in California Superior Court to preserve these claims in the event this Court entered immediate dismissal of the state law claims and the short statute of limitations on Plaintiffs' California Environmental Quality Act claims resumed running.  *See* Memorandum ISO Ex Parte App. (Dkt. No. 42-1) at 8.  Plaintiffs respectfully note that they are community-based organizations serving under-resourced, disadvantaged communities and are represented by pro bono counsel in this action, and they have sought to reduce costs and streamline proceedings by litigating all claims against Defendants challenging approvals of the Project together in a single action.  Until receiving Caltrans' August 21, 2023 letter, Plaintiffs did not know whether Caltrans would consent to litigate all claims together in federal court to minimize costs and process. Safdi Decl. (Dkt. No. 42-2) at ¶ 16 & Ex. F.  Since receiving that information and having assessed the grounds asserted in Caltrans' motion, Plaintiffs have diligently pursued expedient dismissal of their state law claims to proceed with these claims in Caltrans' preferred state court forum.  While Plaintiffs fervently disagree with Caltrans' characterization of proceedings and of Plaintiffs' extensive efforts to obtain a simple stipulation dismissing the claims without Court intervention, Plaintiffs do not believe it necessary to respond to those contentions to address the Court's Minute Order and will not do so unless invited by the Court.

[2] Caltrans suggests that Plaintiffs assert for the first time through their Ex Parte Application that

If the Court's preference is to authorize the filing of an amended complaint for the sole purpose of eliminating Plaintiffs' state law claims, Plaintiffs would not oppose that form of relief and agree with Caltrans that it will have the same effect as granting dismissal of Plaintiffs' state law claims, although as discussed above it could cause confusion about the status of the responsive pleadings.  See Caltrans' Opposition to Ex Parte Application (Dkt. No. 44) at 12 (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds); *DCD Programs Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ("[R]ule 15(a)'s policy of favoring amendments to pleadings should be applied 'with extreme liberality.'" (citation omitted)).  To promote clarity and judicial economy, Plaintiffs would respectfully request that the Court specify in its Order that filing of a second amended complaint shall not affect Caltrans' Motion to Dismiss Plaintiffs' federal claims under the National Environmental Policy Act (Dkt. No. 30), which has been fully briefed and shall remain pending before the Court for resolution, or affect deadlines regarding preparation of the administrative record set forth in the Court's September 8, 2023 Scheduling Order (Dkt. No. 36).

Respectfully submitted,

DATED:  October 16, 2023      LEADERSHIP COUNSEL FOR JUSTICE AND ACCOUNTABILITY
PUBLIC INTEREST LAW PROJECT


By:  */s/ Ashley E. Werner*
Ashley E. Werner, Attorneys for Plaintiffs

---

voluntary dismissal without court order under Rule 41(a) is not available to dismiss only certain claims rather than an entire action or defendant.  Caltrans' Opp. (Dkt. No. 44) at 11.  Not so.  Plaintiffs have made their position clear since requesting that Caltrans stipulate to dismissal of the claims on August 31, 2023 that voluntary dismissal under Rule 41(a) is not available under these circumstances and that court order (preferably on stipulation of the parties for expediency) would be required to effect dismissal of the claims.  See Memorandum ISO Ex Parte App. (Dkt. No. 42-1) at 8; Safdi Decl. at ¶¶ 21, 25.

DATED:  October 16, 2023

ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School


By: /s/ *Stephanie L. Safdi*
Stephanie L. Safdi, Attorneys for Plaintiffs