# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF CALWA, INC. and FRESNO BUILDING HEALTHY COMMUNITIES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendants. | Case No. 1:23-CV-00353-JLT-EPG<br><br>ORDER FOR JOINT STATUS REPORT<br><br>(Doc. 30) |

This action challenges environmental approvals for a project jointly planned by the California Department of Transportation (Caltrans) and the Federal Highway Administration (FHWA) to reconstruct and expand two interchanges connecting California State Route 99 to local roadways in South Fresno. (Doc. 14.) Caltrans is responsible for preparing Project compliance documents under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321, *et seq.*, and the California Environmental Quality Act (CEQA), California Public Resources Code §§ 21000–21189 (CEQA). (*Id.*, ¶ 7.) FHWA is responsible for evaluating whether the Project is consistent with federal air quality goals and will not interfere with plans to correct air quality violations in the area, (*id.* (citing 42 U.S.C. § 7506(c)), and, if so, will issue a "Clean Air Act conformity determination." (*See* Doc. 49 at 9.) The operative complaint contains numerous causes of action challenging both sets of environmental approvals. (Doc. 14.)

1

On August 21, 2023, Caltrans moved on sovereign immunity grounds to dismiss the CEQA (state law) claims brought against it; Caltrans also challenged the pleading sufficiency of the federal NEPA claims. (Doc. 30-2.) On October 19, 2023, the Court granted as unopposed Caltrans' motion to dismiss the sate claims, leaving the motion to dismiss the federal claims pending. (Doc. 48.)

On December 21, 2023, FHWA moved for voluntary remand without vacatur of its conformity determination for the Project, indicating that it was willing to hold a public comment period for certain technical analyses that underpinned the determination and that it will engage in interagency consultation, "thereby curing the alleged procedural defects" Plaintiffs allege. (Doc. 49 at 2.) Given Plaintiffs' non-opposition, (Doc. 50), the Court granted FHWA's motion and remanded the conformity determination for further administrative action. (Doc. 53.) Though FHWA indicated it may be "difficult to predict with certainty," the agency "does not anticipate the remand proceedings will take over a year to complete." (Doc. 49 at 24.)

The parties have agreed that Plaintiffs' claim against FHWA should be held in abeyance pending the outcome of the remand (Doc. 53) but do not appear to have formally addressed the status of Caltrans' motion to dismiss the federal claims against it. The Court presumes the Project requires both sets of approvals (from Caltrans and FHWA) to proceed to the construction phase. As a result, the Court is concerned that it may be an unwise use its scarce judicial resources to resolve the remaining aspects of Caltrans' motion to dismiss if the outcome of the remanded consistency determination may impact or possibly moot those claims. Therefore, within fourteen days of the date of this order, the parties are directed to submit a joint status report, no more than 10 pages in length, setting forth their respective positions on the status of this case and whether the Court should hold Caltrans' motion to dismiss in abeyance and/or stay any other aspect of the proceedings until the completion of the consistency determination remand.

IT IS SO ORDERED.

Dated: **January 29, 2024**

UNITED STATES DISTRICT JUDGE