**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRIENDS OF CALWA, INC. and FRESNO BUILDING HEALTHY COMMUNITIES, | ) Case No. 1:23-CV-00353-JLT-EPG |
| Plaintiffs and Petitioners, | ) **STIPULATION AND ORDER ON** |
| v. | ) **SCHEDULE FOR LODGING OF** |
| CALIFORNIA DEPARTMENT OF TRANSPORTATION, *et al.*, | ) **ADMINISTRATIVE RECORD AND** ) **CROSS-MOTIONS FOR SUMMARY** ) **JUDGMENT ON CLEAN AIR ACT** ) **CLAIMS** |
| Defendants and Respondents. | ) ) **(ECF No. 82)** |

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

WHEREAS, on September 8, 2023, the Court entered a Scheduling Order governing lodging by Defendants U.S. Department of Transportation, Federal Highway Administration (FHWA), and their respective Secretary and Administrator (collectively, "Federal Defendants") of the administrative record to try Plaintiffs' First Cause of Action for violations of the Clean Air Act brought against Federal Defendants. ECF No. 36;

WHEREAS, the September 8, 2023 Scheduling Order deferred deadlines for Defendant California Department of Transportation ("Caltrans") to prepare the administrative record to try Plaintiffs' Second Cause of Action for violations of the National Environmental Policy Act (NEPA) brought against Caltrans pending resolution of Caltrans' August 21, 2023 Motion to Dismiss the NEPA claims (ECF No. 30);

WHEREAS, on December 12, 2023, the Court entered an Order granting Federal Defendants' Motion for Voluntary Remand of the Clean Air Act claims and vacated all deadlines against Federal Defendants, including the September 8, 2023 Scheduling Order. ECF No. 53;

WHEREAS, on September 29, 2025, Federal Defendants filed a Notice of Agency Action, advising the Court that FHWA had completed its remand process regarding FHWA's conformity determination for the South Fresno State Route 99 Corridor Project. ECF No. 72;

WHEREAS, on April 22, 2026, the Court entered an Order on stipulation directing the Parties to meet and confer and submit a proposed scheduling order within 14 calendar days from filing of Defendants' responsive pleadings to Plaintiffs' Second Amended and Supplemental Complaint. ECF No. 79;

WHEREAS, Plaintiffs filed their Second Amended and Supplemental Complaint on April 23, 2026. ECF No. 80;

WHEREAS, the Court's April 22, 2026 Order deemed Caltrans' Motion to Dismiss (ECF No. 30) to constitute Caltrans' responsive pleading to Plaintiffs' Second Amended and Supplemental Complaint;

WHEREAS, Federal Defendants filed their Answer to the Second Amended Complaint on May 5, 2026. ECF No. 81;

WHEREAS, the Parties met and conferred on May 14, 2026 regarding a proposed scheduling order;

WHEREAS, the Parties agree that the Clean Air Act claims should be decided on cross-motions for summary judgment on an administrative record prepared and lodged by Federal Defendants;

WHEREAS, Caltrans takes the position, and Plaintiffs and Federal Defendants do not object, that deadlines for Caltrans' preparation of an administrative record and briefing schedule to try the NEPA claims should be deferred until the Court has resolved its pending Motion to Dismiss (ECF No. 30), consistent with the September 8, 2023 Scheduling Order;

WHEREAS, the Parties agree that it is in the interest of judicial economy and a speedy resolution of this suit to set a schedule for preparation and lodging of Federal Defendants' administrative record and cross-motions for summary judgment on the Clean Air Act claims; and

WHEREAS, the Parties have agreed on a proposed schedule for preparation of the administrative record and cross-motions for summary judgment to try Plaintiffs' First Cause of Action for violations of the Clean Air Act, consistent with the Parties' submittals in their prior August 31, 2023 Joint Scheduling Report (ECF No. 34) and the Court's September 8, 2023 Scheduling Order (ECF No. 36).

NOW, THEREFORE, the Parties hereby stipulate that:

1.      No later than August 24, 2026, Federal Defendants shall lodge their administrative record with the Court.

2.      No later than fourteen (14) calendar days from lodging of Federal Defendants' administrative record, Plaintiffs shall inform Federal Defendants of any objections regarding the completeness of the record and/or admission of extra-record evidence. Plaintiffs will provide Federal Defendants with copies of any materials they seek to include in the administrative record and copies of any materials they seek to introduce as supplementary extra-record evidence.

3.      The Parties will attempt in good faith to resolve any record objections or positions on supplementation raised by Plaintiffs. If Federal Defendants agree to correct the administrative record

3

as a result of this meet-and-confer process, they shall lodge the corrected administrative record with the Court no later than twenty-eight (28) days after lodging of the initial administrative record.

4. No later than seven (7) calendar days from Federal Defendants' deadline to lodge a corrected administrative record, Plaintiffs shall file any motion challenging the contents of the administrative record or seeking to admit extra-record evidence. This deadline is not intended to apply to possible requests for judicial notice presented with summary judgment briefing for the limited purposes for which judicial notice is appropriate, if any.

5. Defendants shall file any response to Plaintiffs' record motion or motion for consideration of extra-record evidence within fourteen (14) calendar days of said motion, and Plaintiffs shall file any reply within seven (7) calendar days of said response.

6. If Plaintiffs do not raise objections to the administrative record lodged by Federal Defendants no later than August 24, 2026 or seek admission of supplementary extra-record evidence, their Motion for Summary Judgment shall be due sixty (60) days from their deadline to raise such objections.

7. If Plaintiffs raise objections to the administrative record or seek to admit extra-record evidence, Plaintiffs' opening brief shall be due sixty (60) days from resolution of such objections or motion. If the resolution results in lodging of a corrected administrative record and/or supplementary materials, the deadline shall be sixty (60) days from the final lodging of the corrected administrative record and/or supplementary materials.

8. Federal Defendants' Opposition and Cross-Motion for Summary Judgment shall be due sixty (60) days from filing of Plaintiffs' Opening Motion for Summary Judgment. Defendant Caltrans reserves the right to seek leave to file an Opposition to Plaintiffs' motion for summary judgment with respect to the Clean Air Act claims. Plaintiffs do not oppose this request to the extent Defendant Caltrans seeks to join Federal Defendants' Opposition. Federal Defendants take no position.

9. Plaintiffs' Reply and Opposition to Federal Defendants' Cross-Motion for Summary Judgment shall be due forty-five (45) days from filing of Federal Defendants' Opposition and Cross-

Motion for Summary Judgment.

10. Federal Defendants' Reply shall be due thirty (30) days from filing of Plaintiffs' Reply and Opposition.

11. Should the Court's decision on Caltrans' Motion to Dismiss (ECF No. 30) or other intervening events or unexpected hardships warrant modification to or clarification of the stipulated schedule set forth herein, the Parties shall attempt in good faith to arrive at a mutually agreeable resolution and present an appropriate joint proposal to the Court, or request a scheduling conference if a negotiated resolution cannot be reached.

12. The Parties shall meet and confer regarding pages limits for briefs on cross-motions for summary judgment on Plaintiffs' First Cause of Action and, if the Parties jointly propose any modifications to page limits set forth in the Court's Standing Order, shall file a stipulation and proposed order on page limits.

IT IS SO STIPULATED.

Dated: May 20, 2026                    Respectfully submitted,


                                       /s/ Stephanie L. Safdi

                                       Stephanie L. Safdi
                                       ENVIRONMENTAL JUSTICE LAW AND
                                       ADVOCACY CLINIC
                                       Jerome N. Frank Legal Services
                                       Organization

                                       Michael Claiborne
                                       LEADERSHIP COUNSEL FOR JUSTICE
                                       AND ACCOUNTABIITY

                                       *Attorneys for Plaintiffs Friends of Calwa,
                                       Inc. and Fresno Building Healthy
                                       Communities*

/s/ Kristen Sarna

KRISTEN SARNA
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 532-3315
Kristen.Sarna@usdoj.gov
*Attorney for Federal Defendants*

/s/  Robert Vaghini

ROBERT E. VAGHINI
Attorneys for Defendants
CALIFORNIA DEPARTMENT OF
TRANSPORTATION and TONY TAVARES, in his
official capacity as Director of the California
Department of Transportation

**ORDER**

After review the parties' stipulation (ECF No. 82), IT IS ORDERED as follows:

1.    No later than August 24, 2026, Federal Defendants shall lodge their administrative record with the Court.

2.    No later than fourteen (14) calendar days from lodging of Federal Defendants' administrative record, Plaintiffs shall inform Federal Defendants of any objections regarding the completeness of the record and/or admission of extra-record evidence. Plaintiffs will provide Federal Defendants with copies of any materials they seek to include in the administrative record and copies of any materials they seek to introduce as supplementary extra-record evidence.

3.    The Parties will attempt in good faith to resolve any record objections or positions on supplementation raised by Plaintiffs. If Federal Defendants agree to correct the administrative record as a result of this meet-and-confer process, they shall lodge the corrected administrative record with the Court no later than twenty-eight (28) days after lodging of the initial administrative record.

4.    No later than seven (7) calendar days from Federal Defendants' deadline to lodge a corrected administrative record, Plaintiffs shall file any motion challenging the contents of the administrative record or seeking to admit extra-record evidence. This deadline is not intended to apply to possible requests for judicial notice presented with summary judgment briefing for the limited purposes for which judicial notice is appropriate, if any.

5.    Defendants shall file any response to Plaintiffs' record motion or motion for consideration of extra-record evidence within fourteen (14) calendar days of said motion, and Plaintiffs shall file any reply within seven (7) calendar days of said response.

6.    If Plaintiffs do not raise objections to the administrative record lodged by Federal Defendants no later than August 24, 2026 or seek admission of supplementary extra-record evidence, their Motion for Summary Judgment shall be due sixty (60) days from their deadline to raise such objections.

7.    If Plaintiffs raise objections to the administrative record or seek to admit extra-record evidence, Plaintiffs' opening brief shall be due sixty (60) days from resolution of such objections or

motion. If the resolution results in lodging of a corrected administrative record and/or supplementary materials, the deadline shall be sixty (60) days from the final lodging of the corrected administrative record.

8.      Federal Defendants' Opposition and Cross-Motion for Summary Judgment shall be due sixty (60) days from filing of Plaintiffs' Opening Motion for Summary Judgment. Defendant Caltrans reserves the right to seek leave to file an Opposition to Plaintiffs' motion for summary judgment with respect to the Clean Air Act claims. Plaintiffs do not oppose this request to the extent Defendant Caltrans seeks to join Federal Defendants' Opposition. Federal Defendants take no position.

9.      Plaintiffs' Reply and Opposition to Federal Defendants' Cross-Motion for Summary Judgment shall be due forty-five (45) days from filing of Federal Defendants' Opposition and Cross-Motion for Summary Judgment.

10.     Federal Defendants' Reply shall be due thirty (30) days from filing of Plaintiffs' Reply and Opposition.

11.     Should the Court's decision on Caltrans' Motion to Dismiss (ECF No. 30) or other intervening events or unexpected hardships warrant modification to or clarification of the stipulated schedule set forth herein, the Parties shall attempt in good faith to arrive at a mutually agreeable resolution and present an appropriate joint proposal to the Court, or request a scheduling conference if a negotiated resolution cannot be reached.

12.     The Parties shall meet and confer regarding pages limits for briefs on cross-motions for summary judgment on Plaintiff's First Cause of Action and, if the Parties jointly propose modifications to page limits set forth in the Court's Standing Order, shall file a stipulation and proposed order on page limits.

IT IS SO ORDERED.

Dated:    **May 21, 2026**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

8